IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FREDERICK L. PUGH, | § | |
| TDCJ # 348817 | § | |
| | § | |
| Petitioner, | § | |
| vs. | § | CIVIL ACTION H-09-3722 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent.[1] | § | |

## **MEMORANDUM AND ORDER**

The petitioner, Frederick L. Pugh (TDCJ # 348817), also known as Kariim A'Bdul Al-Kuluwm, also known as Kariym Abdullah Al-Muhammad, also known as Kariym Abdullah Elisha Shabazz, is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Pugh has filed a petition under 28 U.S.C. § 2254, seeking habeas corpus relief from a prison disciplinary conviction. After reviewing all of the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

---

[1] The petition names Brad Livingston as the respondent. Because Pugh is in custody of the Texas Department of Criminal Justice - Correctional Institutions Division, the Court substitutes his Director Rick Thaler as the proper respondent pursuant to Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts.

## I.     BACKGROUND

According to the pleadings, Pugh is presently incarcerated in TDCJ as the result of two state court felony convictions. Public records reflect that, on December 30, 1982, Pugh was convicted of aggravated robbery in Harris County cause number 368138. *See* Texas Department of Criminal Justice, Offender Information Detail, www.tdcj.state.tx.us (last visited Nov. 19, 2009). Pugh received a fifty-year prison sentence in that case. *See id*. On September 29, 1992, Pugh was convicted of aggravated assault on a correctional officer in Anderson County cause number 20787. *See id*. Pugh received a consecutive term of thirteen years' imprisonment in that case. *See id*.

Pugh does not challenge any of his underlying convictions here. Instead, he seeks relief from a prison disciplinary conviction entered against him at the Telford Unit, where he is currently assigned. Pugh reports that he was charged with violating prison disciplinary rules in case #20080240084. In that case, the charging officer allegedly found contraband in the form of $25.00 in currency lying on the floor of Pugh's cubicle. On or about May 8, 2008, a disciplinary hearing officer found Pugh guilty as charged. The hearing officer imposed punishment consisting of a reduction in classification status from S-3 to L-1. Because of the disciplinary conviction, Pugh complains that he received an "unfavorable" decision from the parole board on September 18, 2009.

Pugh now seeks a federal writ of habeas corpus to challenge his disciplinary conviction. Pugh contends that prison officials violated his right to due process in connection with this disciplinary proceeding because he was denied discovery, the right to

appeal, and parole. Notwithstanding the arguments made in the petition, the Court finds that Pugh is not entitled to federal habeas corpus relief as a matter of law for reasons discussed below.

## II.    DISCUSSION

### A.    The Petition is Untimely

Pugh's pending federal habeas corpus petition is dated November 7, 2009.[2] The disciplinary conviction that Pugh seeks to challenge was entered on May 8, 2008. That date triggered the one-year statute of limitations found in the federal habeas corpus statutes, which expired on May 9, 2009. *See* 28 U.S.C. § 2244(d)(1)(A). Thus, under well-established Fifth Circuit precedent, it appears that Pugh's pending habeas petition is barred by the governing statute of limitations.[3] *See Kimbrell v. Cockrell*, 311 F.3d 361, 363 (5th Cir. 2002) (holding that the one-year statute of limitations begins to run on the date the disciplinary conviction

---

[2] The Clerk's Office received the petition on November 16, 2009, and filed it the same day. Under the mail-box rule, courts treat the date a *pro se* prisoner deposits a federal habeas corpus petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)), *cert. denied*, 531 U.S. 1164 (2001). Because it appears that the pleadings were executed and placed in the prison mail system on November 7, 2009, the petition is treated as if it were filed on that date.

[3] Pugh concedes in his pleadings that he did not file a step 1 or step 2 grievance to appeal the result of his disciplinary proceeding. Because Pugh did not appeal from his disciplinary conviction, he did not exhaust available administrative remedies before seeking federal habeas corpus relief. *See, e.g., Baxter v. Estelle*, 614 F.2d 1030 (5th Cir. 1980) (refused to consider the merits of a prisoner's challenge to his disciplinary conviction and punishment because he failed to exhaust his administrative remedies); *Lerma v. Estelle,* 585 F.2d 1297 (5th Cir. 1978) (holding that a federal court may not grant habeas corpus relief to a petitioner who has failed to exhaust all administrative remedies, including grievance procedures in the prison system). As a result, his claims are subject to the doctrine of procedural default.

was entered). Alternatively, habeas corpus relief is not warranted for reasons outlined briefly below.

### B. The Petition is Without Merit

Pugh seeks habeas corpus relief in federal court from a disciplinary conviction imposed against him in state prison. The federal writ of habeas corpus is an extraordinary remedy, which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness"). Thus, to prevail on his request for federal habeas corpus relief the petitioner must establish a constitutional violation.

In the disciplinary hearing context a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause *only* when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). Liberty interests emanate from either the Due Process Clause itself or from state law. *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).

Pugh appears to claim that the sanctions imposed as the result of his disciplinary conviction have adversely affected his eligibility for early release. The Due Process Clause

4

does not include a right to conditional release before the expiration of a valid sentence. *See Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Nevertheless, the Supreme Court has decided that state-created substantive interests which "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Sandin*, 515 U.S. at 487. *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995).

In Texas, only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release.[4] *See Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000) (addressing the mandatory supervision scheme in place prior to September 1, 1996); *see also Teague v. Quarterman*, 482 F.3d 769 (5th Cir. 2007) (addressing the mandatory supervision scheme in place before and after September 1, 1996). Texas inmates who are eligible for mandatory supervision have a protected liberty interest in the good-time credits that they have earned. *See Malchi*, 211 F.3d at 956. Therefore, when sanctions are imposed

---

[4] There are two ways in which a state prisoner becomes eligible for early release from confinement in Texas. The first is by "parole" and the second is by release on "mandatory supervision." Under Texas law, "parole" is "the discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(6) (Vernon 2004). By contrast, "mandatory supervision" is "the release of an eligible inmate so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(5). Whereas parole is wholly discretionary, an inmate's release to mandatory supervision is required, subject to certain exceptions, when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." *Id.* at § 508.147(a); *Jackson v. Johnson*, 475 F.3d 261, 263, n.1 (5th Cir. 2007).

for disciplinary violations, Texas prison officials cannot forfeit good-time credits without due process from inmates who are eligible for mandatory supervision. *See id.*

According to Pugh, the only punishment imposed at his disciplinary hearing was a reduction in classification status. Pugh may reason that the reduction in classification status had an adverse effect in his ability to earn good-time credit. The Fifth Circuit has held, however, that any reduction in a prisoner's classification status and its potential impact on an inmate's ability to earn good-time credit is speculative and, therefore, not protected by the Due Process Clause. *See Malchi*, 211 F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Because his reduction in classification status does not implicate a protected liberty interest, Pugh does not show that he is entitled to habeas corpus relief from this sanction.

Pugh alleges that he does not know whether he lost good-time credit as the result of his disciplinary conviction in case #20080240084, because prison officials refused to provide him with a written report of the proceedings. [Doc. # 1, at ¶ 18]. Even if the Court were to assume that he lost good-time credits as a result of that disciplinary conviction, Pugh cannot show that such a sanction infringed a constitutionally protected liberty interest. In that regard, Pugh reports that he was convicted of aggravated assault on a correctional officer in 1992. [Doc. # 18, at ¶ 4]. According to the governing statute in effect at the time of the offense in that case, inmates convicted of aggravated assault are not eligible for mandatory supervision.[5] *See* TEX. CODE CRIM. PROC. ANN. art. 42.18, §. 8(c)(5) (Vernon 1988) (stating

---

[5] Another court in this district has also determined that Pugh is not eligible for mandatory
(continued...)

that "[a] prisoner may not be released to mandatory supervision . . . if the prisoner is serving a sentence for . . . a second or third degree felony under Section 22.02, Penal Code (Aggravated Assault)"). This means that Pugh is not eligible for mandatory supervision.[6] It follows that Pugh has no protected liberty interest in any loss of accrued good-time credit and no valid due process claim. *Malchi*, 211 F.3d at 957-58.

In summary, because the sanctions assessed against Pugh do not implicate a protected liberty interest, he fails to establish the requisite constitutional violation as a matter of law. Absent an allegation that the petitioner has been deprived of some right secured to him by the United States Constitution or laws of the United States, federal habeas corpus relief is not available. *See Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985). It follows that Pugh is not entitled to habeas corpus relief.

## III. CERTIFICATE OF APPEALABILITY

---

[5](...continued)
   supervision. *See Pugh v. Dretke*, Civil Action No. H-02-4427 (S.D. Tex. Feb. 3, 2004) (denying federal habeas corpus relief from a prison disciplinary conviction, which resulted in the loss of good-time credit). Likewise, another court has refused to allow Pugh to proceed *in forma pauperis* in a habeas action because of sanctions imposed against him previously in the Western District of Texas. *See Al-Kuluwm v. Johnson*, Civil Action No. H-97-3873 (S.D. Tex. Dec. 14, 1998); *see also El-Kulwm v. TDCJ-ID*, Civil Action No. 6:97-cv-203 (W.D. Tex. July 24, 1997) (barring Pugh from proceeding *in forma pauperis*).

[6] Texas law provides that good-time credits apply only to eligibility for release on parole or mandatory supervision and do not affect the length of an inmate's sentence. *See* TEX. GOV'T CODE ANN. § 498.003; *Ex parte Montgomery*, 894 S.W.2d 324, 328 (Tex. Crim. App. 1995). Because Pugh is not eligible for mandatory supervision, any good-time credits he has earned apply only toward his eligibility for parole. To the extent that Pugh complains that the disciplinary conviction adversely affected his eligibility for parole, this allegation does not state a claim because there is no protected liberty interest in obtaining parole in Texas. *See Madison v. Parker*, 104 765, 768-69 (5th Cir. 1997); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Gilbertson v. Texas Bd. of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993).

The federal habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253. Therefore, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that jurists of reason would not debate whether the petitioner has stated a valid claim or whether any procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue in this case.

## IV.   CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The petitioner's motion for leave to proceed *in forma pauperis* [Doc. # 2] is **DENIED** for reasons outlined in *Al-Kuluwm v. Johnson*, Civil Action No. H-97-3873 (S.D. Tex. Dec. 14, 1998), because of sanctions imposed against the petitioner previously.

2. The petition for a federal writ of habeas corpus is **DENIED**, and this case is **DISMISSED** with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on <u>November 23, 2009</u>.

_____
Nancy F. Atlas
United States District Judge